## Springfield Consolidated Railway Company v. Mary Johnson.

1. RIGHT OF RECOVERY—*when instruction upon, proper.* An instruction is proper which tells the jury in substance that if they should find that the plaintiff has proved her case as laid and charged in the declaration, or any count thereof, by a preponderance of the evidence, then they should find the defendant guilty.

2. VERDICT—*when not disturbed.* A verdict will not be disturbed on appeal as against the preponderance of the evidence where such evidence is conflicting and fairly tends to prove either side of the controversy.

3. VERDICT—*when set aside.* A verdict will be set aside on appeal where it does not appear that the plaintiff has established her case by the greater weight of the evidence.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County ; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

WILSON, WARREN & CHILD, for appellant.

R. H. PATTON and E. E. BONE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by the defendant from a judgment of $1,400 rendered by the Circuit Court in an action in case by appellee against appellant.

The declaration alleges that plaintiff boarded a street car of defendant in the city of Springfield on July 17, 1903, to go to the rolling mills north of the city; that she told the conductor to let her off at the place where the people got off to go to the rolling mills; that the car stopped at Eleventh street and Ridgley avenue, and while plaintiff was getting off, the car was suddenly started and she was thrown to the ground and thereby injured. The alleged errors relied upon for reversal are that the court erred in its rulings upon instructions, that the verdict is contrary to the manifest weight of the evidence, and that the damages rendered are excessive.

The only instruction complained of, in argument, is the first given at the request of appellee, which tells the jury that if they found that the plaintiff had proved her case as laid and charged in the declaration, or any count thereof, by a preponderance of the evidence, then they should find the defendant guilty. This instruction has been repeatedly held not to be objectionable. C. C. Ry. Co. v. Carroll, 206 Ill. 331.

Upon the question as to whether the car stopped a reasonable time to allow plaintiff to alight, the evidence is in close conflict. Plaintiff testifies that just as the car approached Eleventh street and Ridgley avenue the conductor stepped to the front end of the car, rang the bell with one hand, and motioned with the other and nodded to her to get off; that when the car stopped she hurried to the rear end, grasped the railing of the car with her right hand and stepped down on the foot board; that as she put her foot on the ground she heard the gong of the car ring, and the car moved out from under her, pulling her around and throwing her to the ground.

One Wing, called for plaintiff, testifies that on the morning of the alleged accident, while standing nearby, he saw the car in question approach the corner; that the conductor got off; went forward about twenty-five feet to a steam railroad crossing to see if it was clear; that shortly after the conductor had gone forward, plaintiff appeared on the back platform, stepped down on the running board, then off backward just as the car started forward; that it pulled her around but did not throw her to the ground; that she then walked over to him, asked his name, and showed him her arm.

The only other witnesses to the accident were the motorman and conductor of the car in question, who were called by defendant. The conductor testified that plaintiff asked him to let her off at the rolling mills; that when he got to Eleventh street and Ridgley avenue where the C. & A. tracks cross the street railway, the motorman, as usual and without any signal from him stopped the car, while he, witness, went forward about twenty-five feet to "run the crossing;" that when he left the car plaintiff was still sitting, and he did not motion or direct her to get off; that when he signalled the motorman to go forward, plaintiff had not yet attempted to alight; that he did not know when plaintiff got off or did not hear of her being hurt until late in the afternoon.

The motorman testified that he stopped his car for the

conductor to " run " the railroad crossing, without any sig-
nal from the conductor; that it was his custom to stop and
wait for the conductor to go forward and give him the sig-
nal to go ahead; that when he got the signal from the
conductor to go ahead he sounded his foot gong and looked
around to the rear of the car to see all was safe; that no
one was attempting to alight and he then started the car
forward; and that he did not learn of any accident to the.
plaintiff until that afternoon.

After a careful perusal and consideration of the evidence
as it appears in the abstract, we are satisfied that the jury
were warranted in finding that appellee was injured at the
time and place and in the manner as testified to by her.

Whether it is established by the greater weight of the
evidence that her injury was the result of the negligence
of the conductor in failing to allow her a reasonable time
in which to alight from the car, is a question not free from
difficulty. The evidence is exceedingly conflicting, and
upon reading " the cold words of the record " seems to pre-
ponderate in favor of appellant. The question was, how-
ever, determined by the jury in the negative. The trial
judge who, as well as the jury, had a superior opportunity
to judge of the credibility of the witnesses, and who had
a supervisory power over the verdict, approved the finding.
We are therefore constrained to hold that the verdict of
the jury upon the question of negligence is not so mani-
festly against the weight of the evidence as to warrant a
reversal of the judgment.

As to the nature, extent and probable duration of the
injuries suffered by appellee as the result of the accident,
the evidence is somewhat meager. The jury was, we
think, warranted in finding that her shoulder was dislo-
cated; that it was necessary to reduce the dislocation to
keep her arm in "splints" for several weeks; that she was
confined to her bed for about six weeks; that she became
liable for medical services in the sum of $120. She testi-
fies that prior to the accident, and since the birth of her
last child, she had suffered from no ailment, or sickness, nor

from any womb on bladder trouble, was always able to do
her work and get around; but that since the accident she
has suffered such pain that she can hardly walk; cannot
sit in a chair without having a cushion upon which to sit;
that she has been unable to do any work.    Dr. Walters, her
attending physician who was called upon the day of the
accident, substantially corroborates appellee's testimony as
to the dislocation of her shoulder, the attendant treatment,
disability and suffering.    He further testifies that some ten
weeks after he began treating her, he examined her womb
and found that she was suffering from what is known as
"cystocele, also a partial falling of the womb," but that he
was unable to tell whether such condition had existed for
one or for twenty years; that he knew of no authority
holding that falling of the womb was due to a fall.    Dr.
Dixon, called for appellant, testifies that neither "falling
of the womb" nor "cystocele" are ever caused by a fall
or jar of the person; that they are diseases following
child-birth and are caused by ill health alone; that he had
never heard or known, or read of such ailment being caused
by such an accident as was described by appellee.

The foregoing was all the medical or surgical testimony
offered, and we think it insufficient to justify the amount
of the verdict returned by the jury.

If the only injury resulting to appellee from the accident
with which she claims to have met, was a dislocation of the
shoulder and the consequent pain, inconvenience and ex-
pense of being cured, the damages are manifestly excessive.

We are of opinion that appellee has failed to show by
the greater weight of the evidence that her present phys-
ical condition is entirely due to such accident.    The judg-
ment must therefore be reversed and remanded.

*Reversed and remanded.*